# Case No. 25-50793

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

JUANITA DOE
*Plaintiff - Appellant*,

V.

MIDLAND COUNTY, JUAN CARLOS SERNA-VENEGAS; DAVID CRINER, SHERIFF; SARGEANT PETERS; MARISELA MARTINEZ,

*Defendants - Appellees*.

On Appeal From The United States District Court
Western District Of Texas, Midland Division
7:23-cv-00091

# BRIEF OF APPELLANT JUANITA DOE

ROBERT S. HOGAN
**HOGAN LAW FIRM, P.C.**
Tex. Bar No. 00796767
6215 98th Street
Lubbock, TX 79424
(806) 771-7900
(806) 771-7925 Fax

ATTORNEY FOR APPELLANT

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to 5th CIR. RULES 28.2.1 and 35.2.1, the undersigned counsel of record certifies that the following listed non-governmental person(s) has an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| **Appellant:** | **Counsel for Appellant:** |
|---|---|
| Juanita Doe | Robert Hogan of Hogan Law Firm, PC, Lubbock Texas |

| **Appellees:** | **Counsel for Appellant:** |
|---|---|
| Midland County, Texas | Richard Layne Rouse, Shafer, Davis, O'Leary & Stoker, Midland Texas |
| David Criner | Richard Layne Rouse, Shafer, Davis, O'Leary & Stoker, Midland Texas |
| Marisela Martinez | Richard Layne Rouse, Shafer, Davis, O'Leary & Stoker, Midland Texas |

| **Other Defendants:** | |
|---|---|
| Juan Carlos Serna-Venegas | Judgment rendered in court below – not part of this appeal |
| Sgt. Peters | Was never identified/served below |

*s/ Robert S. Hogan*
ROBERT S. HOGAN
ATTORNEY FOR APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant Juanita Doe requests that this case be set for oral argument because she believes that oral argument could significantly aid the decisional process of this case, and because this case significantly impacts upon the rights of persons in custody to be free from sexual abuse, and to hold accountable those who are in power to act but choose not to do so.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .................................................. i

STATEMENT REGARDING ORAL ARGUMENT.......................................... ii

TABLE OF CONTENTS.......................................................................... iii

TABLE OF AUTHORITIES ..................................................................... viii

JURISDICTIONAL STATEMENT ................................................................. 1

ISSUES PRESENTED ........................................................................... 2

STATEMENT OF THE CASE ....................................................................... 3

SUMMARY OF THE ARGUMENT ................................................................ 9

ARGUMENT ........................................................................................... 9

A. **STANDARD OF REVIEW** ........................................................... 9

B. **APPLICATION** ......................................................................... 10

1. **The pled fact that Jailer Serna-Venegas sexually assaulted other prisoners and sexually assaulted employees of the jail, as well as the inadequacy of policies and conditions of confinement plausibly leads to the inference that Sheriff Criner was deliberately indifferent.** ........................................... 11

2. **The pled fact that Midland County consciously failed to adopt policies designed to prevent sexual abuse and harassment, demonstrates deliberate indifference, and it was error of the District Court to dismiss Plaintiff's claims against Midland County.** ........................................................................... 15

## TABLE OF CONTENTS (contd.)


**3. The pled fact that Marisela Martinez knew of Serna-Venegas's propensities toward sexual abuse, but failed to take action to prevent them exhibits conscious indifference toward the rights of plaintiff, and supports bystander liability, and it was error of the District Court to dismiss Plaintiff's claims against Marisela Martinez.** ..................................... 20

CONCLUSION ........................................................................................ 22

CERTIFICATE OF COMPLIANCE ............................................................. 23

CERTIFICATE OF SERVICE ...................................................................... 24

# TABLE OF AUTHORITIES

***Cases:***

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ........................................................................10

*Ashcroft v. Al-Kidd*
563 U.S. 731(2011) ........................................................................10

*Atteberry v. Nocona Gen Hosp.*
430 F.3d 245 (5th Cir. 2005) ..............................................................9

*Authement v. Parish of Terrebonne*
2010 W.L. 5093866, at *6 (E.D. La. Dec. 8, 2010) .........................11

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ........................................................................10

*Calhoun v. DeTella*
319 F.3d 936 (7th Cir.2003) ............................................................12

*Campos v. Webb County, Texas*
597 Fed.Appx. 787 (5th Cir.2015) ............................................ 14-15

*Cardenas v. United States*
2023 W.L. 7634436 (N.D. Tx Nov. 15, 2023)................................19

*Club Retro, L.L.C. v Hilton*
568 F.3d 181 (5th Cir. 2009) ..........................................................10

*Crawford v. Cuomo*
796 F.3d 252 (2d Cir. 2015) ............................................................11

*Doe v. Robertson*
751 F.3d 383 (5th Cir.2014) .......................................................11, 15

*Downey v. Denton County, Tex.*
119 F.3d 381 (5th Cir.1997)............................................................15

*Estate of Davis ex rel McCully v. City of North Richland Hills,*
406 F.3d 375 (5th Cir.2005) ............................................................14

*Farmer v. Brennan*
511 U.S. 825 (1994) ......................................................11, 13, 15, 16

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
313 F.3d 305 (5th Cir.2002) ..............................................................9

*Hale v. Townley*
45 F.3d 914(5th Cir. 1995)..............................................................21

*Hare v. City of Corinth, Miss.*
74 F.3d 633 (5th Cir.1996)..............................................................15

*Hovater v. Robinson*
1 F.3d 1063 (10th Cir.1993)............................................................16

*Ingram v. Kubik*
30 F.4th 1241 (11th Cir. 2022)........................................................19

*Jamison v. United States*
2016 W.L. 7670690 (W.D.La. Sept 26, 2016).................................11

*Jones v. Greninger*
188 F.3d 322 (5th Cir.1999) ............................................................10

*Lagarde v. Metz*
2017 W.L. 457654 (M.D.La. Feb. 2, 2017).......................................11

*Mahone v. Addicks Util. Dist. of Harris County*
836 F.2d 921 (5th Cir. 1988) .............................................................9

*Mirelez v. Bay City Ind. School Dist.*
992 F.Supp. 916 (S.D. Tex.1998) ....................................................16

*Monell v. Department of Social Services of the City of New York*
436 U.S. 658 (1978) .................................................................7, 15, 16

*Morgan v. Swanson*,
659 F.3d 370 (5th Cir.2011) ........................................................9, 10

*Randall v. Prince George's Cty*.
302 F.3d 188 (4th Cir.2002)...........................................................21

*Scott v. Moore*
114 F.3d 51 (5th Cir. 1997) ...........................................................16

*Washington v. Hively*
695 F.3d 641 (7th Cir. 2012) ..........................................................12

*Wernecke v. Garcia*
591 F.3d 386 (5th Cir.2009) ...........................................................12

*Whitley v. Hanna*
726 F.3d 631(5th Cir.2013)..............................................................21

*Wood v. Beauclair*
692 F.3d 1041(9th Cir.2012) ...........................................................12

## JURISDICTIONAL STATEMENT

Pursuant to 28 U.S.C. § 1291, the Fifth Circuit Court of Appeals has jurisdiction over this appeal from the District Court's Order Granting Defendants Midland County, Texas, David Criner, and Marisela Martinez's Motion(s) to dismiss under FED. R. CIV. P. 12(b)(6). *See* 28 U.S.C. § 1291.

Appellant timely appealed pursuant to Federal Rule of Appellate Procedure 4(a)(q)(A) by filing his notice of appeal within 30 days of the final judgment of the district court.

## ISSUES PRESENTED FOR REVIEW

This is an appeal of the District Court's dismissal of this case against Sheriff David Criner, Midland County, and Marisela Martinez, on the basis of qualified immunity, and on the basis of no pleading against Midland County which would plausibly establish liability under the *Monell* standard, when a jailer sexually assaulted the plaintiff under circumstances which Sheriff Criner, Midland County, and Marisela Martinez allowed, through conscious indifference and willful ignorance, to manifest.

**Issue 1:** Is it clearly established as a matter of law that sexual assault of a prisoner by jailers violates the prisoner's constitutional rights under the Fourteenth Amendment?

**Issue 2:** Was the District Court correct to conclude that it could not be plausibly inferred from the facts alleged, that Sheriff Criner was not deliberately indifferent to the sexual abuse by the jailers under his control, including Juan Carlos Serna Venegas's sexual assaults against Juanita Doe?

**Issue 3:** Is it plausible under the pled facts to infer that Sheriff Criner was at a minimum callously indifferent to the sexual abuse of Juanita Doe by Juan Carlos Serna Venegas?

**Issue 4:** Was the District Court correct to conclude that institutional liability could not be plausibly inferred against Midland County from their failure to train and enact policies to prevent sexual abuse of inmates?

**Issue 5:** Was the District Court correct to conclude that it could not be plausibly inferred from the facts alleged that Marisela Martinez was deliberately indifferent to the sexual abuse by her fellow jailer, Juan Carlos Serna Venegas?

## STATEMENT OF THE CASE

### A. BACKGROUND

On May 27, 2021, Plaintiff Juanita Doe (hereinafter "Doe") was arrested on criminal charges[1] in Midland County, and placed in the Special Housing Unit of the Midland County Jail.[2] The Special Housing unit was intentionally concealed from video monitoring capabilities of the Jail, a fact which was widely known to employees of the jail.[3]

On June 30, 2021, while Doe was housed in an individual cell in the Special Housing (SHU), Juan Carlos Serna-Venegas came into Doe's cell.[4] Closing the door most of the way behind him, he accosted Plaintiff and compelled her to perform oral sex on him.[5] When the assault was completed, Serna-Venegas left the room.[6]

Serna-Venegas returned an hour or two later, and again let himself into Plaintiff's cell in the SHU.[7] This time, he forced Plaintiff to submit to penetrative vaginal intercourse, grabbing her hair and bending her over and forcefully raping

---

[1] The criminal charges against Doe were later dismissed.
[2] ROA.105 [¶ 4.1].
[3] Id.
[4] ROA.105 [¶ 4.2].
[5] Id.
[6] Id.
[7] ROA.105 [¶ 4.3].

her.[8] On this occasion, Serna-Venegas threatened Doe with his department-issued Taser to force her compliance and ensure her silence.[9]

After the two assaults, Doe complained about Serna-Venegas to other Correctional Officers at Midland County.[10] Eventually, after multiple complaints, she was relocated to another unit.[11] In the meantime, Serna-Venegas was kept on the unit, and came back to her cell on multiple occasions, threatening Doe with bodily harm if she told anyone what happened to her.[12]

Defendant Serna-Venegas was known by other employees of the Midland County Sheriff's Department to be a sexual predator, and someone who would have sex with fellow employees and inmates in the custodial setting.[13] After the assault on Plaintiff, other employees came forward, including Marisela Martinez, complaining that Serna had had sex with her while they worked in the jail, and, she believed, Serna Venegas had filmed the encounter without her permission.[14] It was later determined that the video which Serna-Venegas had showed Martinez was a video of Serna-Venegas having sex with an inmate, not with Martinez.[15]

---

[8] Id.
[9] Id.
[10] ROA.105 [¶ 4.4]
[11] Id.
[12] Id.
[13] ROA.106 [¶ 4.5].
[14] ROA.106 [¶ 4.5];
[15] Id.

Martinez acknowledged to authorities that Serna-Venegas had admitted to her that he maintained a commercial web page on "OnlyFans.com," a subscription-based internet website, and that he profited from selling subscriptions to videos of him having sex with inmates and other females at the jail and posting it to his webpage.[16] Martinez stated that Serna-Venegas had shown this video and similar videos in the past to other employees of Midland County Jail.[17]

Martinez revealed to investigators that, in the past, Serna-Venegas had touched her inappropriately while they were working, wrapping his arms around her from behind and grabbing her breasts, and that she had complained to multiple supervisors, and had asked that something be done to stop Serna-Venegas, but supervisors failed to take any action in response to her complaints or Serna-Venegas's conduct.[18]

Investigators later reviewing videos on Serna-Venegas's phone found at least seven different videos of Serna-Venegas having sex with inmates at the Midland County Jail, dating back as early as January 9, 2021.[19] Investigators located multiple other inmates that Serna-Venegas had sexually assaulted in the jail.[20]

---

[16] ROA.106 [¶ 4.6];
[17] Id.
[18] ROA.106 [¶ 4.7];
[19] ROA.107 [¶ 4.8];
[20] Id.

Serna-Venegas was later charged with a criminal offense and pled guilty to Improper Sexual Activity with a Person in Custody.[21] He received punishment of eighteen months in prison.[22]

The County and the Sheriff had inadequate policies for housing and protection of female subjects to protect them against sexual abuse.[23] Jail policies did not require presence of additional personnel (two-person rule), presence of a jail employee of the same gender as the inmate, or prohibit opposite gender employees from taking vulnerable female detainees into private areas secluded from monitoring, thus creating an atmosphere conducive to abuse.[24]

## B. PLAINTIFF'S CAUSES OF ACTION

Doe asserted claims against Serna-Venegas, and against Marisela Martinez, Sheriff Criner, in his individual capacity, and against the County related to the sexual abuse by Serna-Venegas.[25] Doe alleged that Sheriff Criner violated her substantive and procedural due process rights under the Fourteenth Amendment for failure to properly hire and supervise Serna-Venegas, and failure to investigate prior claims of misconduct. Doe also alleged claims of cruel and unusual punishment against Criner

---

[21] ROA.495-498.
[22] ROA.495-498.
[23] ROA.107-108 [¶ 4.10-11].
[24] Id.
[25] ROA.109-110 [¶ 5.8, 5.10].

and Midland County,[26] as well as claims of violation of rights to bodily integrity under the 14th Amendment.[27] Doe alleged direct liability against Midland County, under *Monell*, for inadequate policies that led to the failure to train and supervise Serna-Venegas, and which created a "zone of concealment" that allowed the assaults to take place unmonitored, in violation of the Prison Rape Elimination Act (PREA).[28]

### C. Relevant Procedural Posture

Plaintiff's Original Complaint was filed on June 20, 2023.[29] In response, Sheriff David Criner filed a Motion to Dismiss on July 19, 2023.[30] Plaintiff filed a First Amended Complaint on August 7, 2023.[31] Sheriff David Criner filed his Second Motion to Dismiss on August 21, 2023.[32] In his Motion, Sheriff Criner argued, in relevant part, that he was entitled to qualified immunity, and that Doe had failed to allege facts sufficient to state a claim for his improper hiring and supervision claims. Sheriff Criner argued that the Complaint should be dismissed and that he was entitled to qualified immunity because Doe failed to plead facts that Serna-Venegas was

---

[26] ROA.112 [¶ 5.19].
[27] ROA.115-116 [¶ 5.37-42].
[28] ROA.120-125 [¶7.1-7.6]
[29] ROA007-028.
[30] ROA.083-099.
[31] ROA.100-127.
[32] ROA.128-134.

highly likely to sexually assault Doe, or that he was aware of any prior actions of Serna or any other employee.[33]

On February 1, 2024, the Magistrate filed a Report and Recommendations in response to the Motion to Dismiss filed by Criner and Midland,[34] and, on February 20, 2024, the Court adopted the Report and Recommendations, dismissing Doe's claims against Midland and Sheriff Criner.[35]

On November 2, 2023, Marisela Martinez filed a Motion to Dismiss, arguing that Doe's First Amended Complaint failed to show that Martinez was subjectively aware of facts from which a risk of sexual assault existed, that she drew that inference, and that she failed to take a reasonable measure to abate that risk.[36] On July 26, 2024, the Magistrate filed a Report and Recommendation to Marisela Martinez's Motion to Dismiss,[37] which was adopted by the Court on August 13, 2024.[38]

On June 24, 2025, a default judgment hearing was held before Magistrate Judge Ronald C. Griffin, which resulted in a Report and Recommendations issued on August 19, 2025,[39] and, on September 3, 2025 a final judgment was entered

[33] Id.
[34] ROA.209-223.
[35] ROA.232-233.
[36] ROA.171-184.
[37] ROA.237-250.
[38] ROA.251-252.
[39] ROA.461-481.

against Juan Carlos Serna-Venegas.[40] Doe filed her notice of Appeal on September 15, 2025, appealing the dismissal of Criner, Midland, and Marisela Martinez.[41]

## SUMMARY OF THE ARGUMENT

It was clearly error for the District Court to grant the Motions to dismiss of the Defendants, Midland County, Sheriff David Criner, and Marisela Martinez, despite the pleaded claims of the plaintiff, which contained sufficient particularity to survive motions under Rule 12(b)(6), in light of the established legal precedent.

## ARGUMENT

### A. Standard of Review.

Motions to dismiss are reviewed *de novo*.[42] *Morgan v. Swanson*, 659 F.3d 370 (5th Cir.2011) (citing *Atteberry v. Nocona Gen Hosp.*, 430 F.3d 245, 252 (5th Cir. 2005)). Motions to dismiss are disfavored. *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988). Dismissal is appropriate only where the plaintiff would not be entitled to relief under any set of facts or any possible theory. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir.2002). All allegations in the amended complaint must be assumed to be true and construed in the light most favorable to Juanita Doe. *Morgan v. Swanson*, 659 F.3d

---

[40] ROA.484-485.
[41] ROA.486-488.

at 370 (citing *Club Retro, L.L.C. v Hilton,* 568 F.3d 181, 194 (5th Cir. 2009)). The issue is not whether Juanita Doe will ultimately prevail, but whether she is entitled to offer evidence to support his claim. *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999).

Juanita Doe's complaint does far more than assert statutory elements in conclusory fashion. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) only require Juanita Doe to present a plausible claim against Sheriff Criner and Midland County. *Iqbal* clearly states that, "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. Juanita Doe's Amended Complaint clearly does this.

**B. Application**

To defeat Sheriff Criner's defense of qualified immunity, Juanita Doe must 1) show that Sheriff Criner violated her constitutional rights and 2) that the rights were well established at the time of the violation. *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011). Qualified Immunity does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Id. at 741.

1. **The pled fact that Jailer Serna-Venegas sexually assaulted other prisoners and sexually assaulted employees of the jail, as well as the inadequacy of policies and conditions of confinement plausibly leads to the inference that Sheriff Criner was deliberately indifferent.**

As state above, jurisdiction over this appeal is limited to a review of whether the district court acted properly in granting Sheriff Criner's motion to dismiss on qualified immunity. This requires that two questions be answered. First, was the sexual assaults by Jailer Serna-Venegas clearly established as a violation of Juanita Doe's constitutional rights? Second, has Juanita Doe pled facts from which Sheriff Criner's deliberate indifference to Jailer Serna-Venegas's actions can be plausibly inferred? If the answer to both of these questions is yes, then the District Court's granting of the motion to dismiss in favor of Sheriff Criner should be reversed.

Numerous cases have clearly established that sexual assault of prisoners by jailers violates the prisoner's constitutional rights. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Doe v. Robertson*, 751 F.3d 383, 388 (5th Cir.2014). See also *Lagarde v. Metz*, 2017 W.L. 457654, at *3 (M.D.La. Feb. 2, 2017)("the unjustified conduct proven at trial is unquestionably 'repugnant to the conscience of mankind' and therefore violates the Eighth Amendment."); *Jamison v. United States*, 2016 W.L. 7670690, at *7 (W.D.La. Sept 26, 2016); *Authement v. Parish of Terrebonne*, 2010 W.L. 5093866, at *6 (E.D. La. Dec. 8, 2010); *Crawford v. Cuomo*, 796 F.3d 252, 258 (2d Cir. 2015)("[N]o amount of gratuitous or sexually motivated fondling of an inmate's genitals – even if limited in duration or conducted through the inmate's

clothes . . . is permitted by the Constitution."); *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012)("An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant."); *Wood v. Beauclair*, 692 F.3d 1041, 1050 (9th Cir.2012)("sexual contact between a prisoner and a prison guard serves no legitimate role and is simply not part of the penalty that criminal offenders pay for their offenses against society"); *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir.2003)("prison guards conducted the strip search in a manner designed to demean and humiliate Calhoun, and we therefore conclude that he sufficiently stated a claim under the Eighth Amendment.") No assault of Juanita Doe was constitutionally permissible and it cannot be argued by Sheriff Criner that he could reasonably believe that sexual abuse by his jailers is constitutionally permissible.

The primary question therefore is whether Sheriff Criner was deliberately indifferent to the sexually abusive acts of Jailer Serna-Venegas. If Sheriff Criner acted with deliberate indifference towards the clear and well-established constitutional violation of Jailer Serna-Venegas, then he is also liable for those violations. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir.2009). ("In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed] or fail[ed] to act, with

deliberate indifference to violations of others' constitutional rights committed by their subordinates.")

"[D]eliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Defendant's Motion reference *Farmer's* holding that deliberate indifference requires more than mere negligence, but omits the *Farmer's* holding that deliberate indifference requires less than knowledge that harm will result. Indeed, the general thrust of Defendant's motions argument seems to be that Sheriff Criner must have intended Ms. Doe to be harmed in a specific way when Jailer Serna-Venegas was hired and retained. This is contrary to well-established law. To be deliberately indifferent, Sheriff Criner must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837.

Plaintiff alleges that Jailer Serna-Venegas sexually assaulted her without a legitimate goal or purpose. Those actions clearly violated Plaintiff's constitutional rights under the Fourteenth Amendment. Sheriff Criner is liable for those violations by Jailer Serna-Venegas because of Sheriff Criner's deliberate indifference. This deliberate indifference can be inferred from the decision to ignore complaints made by Marisela Martinez and others about Jailer Venegas's sexual misconduct, and the

failure to adopt policies to prevent jailers from assaulting vulnerable female detainees.

In this case, Sheriff Criner knew, through prior complaints, that Jailer Serna-Venegas had a specific propensity toward sexual misconduct, and chose not to discipline him or restrict his activity or supervise his contact with female inmates. Additionally, as alleged in Juanita Doe's amended complaint, Jailer Serna-Venegas is alleged to have engaged in rampant sexual assault inside the jail that Sheriff Criner is responsible for. The District Court incorrectly concluded from these facts that it was not plausible to infer that Sheriff Criner was aware of the likelihood of Jailer Serna-Venegas's abuse and plausibly aware of the actual absued. Under these circumstances, however, it is plausible to conclude drom the pled facts that Sheriff Criner simply buried his head in the sand. As stated above, under *Iqbal* and *Twombly*, that is all that is required at this stage of the litigation.

Although Criner argued that the pleadings do not contain sufficient claim of a pattern of past violations, relying upon language from *Estate of Davis ex rel McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir.2005), such a pattern need not be extensive. A record of past violations is not necessarily required in order to support supervisory liability for "episodic acts or omissions" resulting in sexual assault of detainees, where an official acts or fails to act with subjective deliberate indifference to the detainees' needs. *See Campos v. Webb County, Texas*,

597 Fed.Appx. 787 (5th Cir.2015); *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 644-45 (5th Cir.1996)(en banc). In such cases, the courts have recognized that supervisory action or inaction which allows a male jailer to be left unsupervised and alone with a female detainee creates a foreseeable risk of sexual assault. *Downey v. Denton County, Tex.*, 119 F.3d 381, 389 (5th Cir.1997). The plaintiff's pleadings pled that the conditions that she was held under created such a foreseeable risk. The question of whether an official "had the requisite knowledge of substantial risk is a question of fact" generally best resolved by discovery and fact finding, and should survive a motion to dismiss. *Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

**2. The pled fact that Midland County consciously failed to adopt policies designed to prevent sexual abuse and harassment, demonstrates deliberate indifference, and it was error of the District Court to dismiss Plaintiff's claims against Midland County.**

The Court also dismissed Plaintiff's *Monell* claims against Midland County, finding the insufficiency of the factual evidence to sustain a *Monell* claim. However, these arguments were misplaced, and premature, at the pre-discovery 12(b)(6) stage. Such arguments embody fact issues which should be considered only after an adequate opportunity for discovery in this case.

As a proposition of law, a governmental entity's responsibility for failure to train its employees and failure to institute policies to protect confined persons from sexual

assault is widely accepted. *See Farmer* 511 U.S. at 840-41. Where the policies of a governmental entity, including its hiring policy and records checks policies, are the moving force behind a constitutional violation, and those policy lapses bear a causal nexus to a sexual assault, the criteria of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978) are met for liability of the governmental agency. *Mirelez v. Bay City Ind. School Dist.*, 992 F.Supp. 916 (S.D. Tex.1998).

Institutional failures of a detention facility may be demonstrated, among other things, by policies concerning supervision of female inmates, knowledge of prior assaults, policies concerning searches or frisking of female inmates, escort policies, and other areas which may give rise to a finding of deliberate indifference. *See, eg. Scott*, 114 F.3d at 55. *See also Hovater v. Robinson*, 1 F.3d 1063 (10th Cir.1993).

Defendant Midland County sought dismissal of those claims, stating that Plaintiff did not shown that there was an official policy or custom of sexually assaulting female inmates. But the standard does not require showing a policy of assaulting detainees. Rather, Section 1983, and the *Monell* standard only require the showing that a policy or custom existed which resulted in the constitutional injury of the Plaintiff. The constitutional violation in this case was the failure to protect the Plaintiff, a vulnerable female inmate, from harm, and the failure of the municipal

organization to adopt, implement and enforce constitutional protections for Plaintiff and others similarly situated.

The Plaintiff plead, in her complaint, the policies which should have been in place, but were not, which predictably led to the abuse of the Plaintiff. See ROA.120-124, [¶ 7.1-7.4]. These policies included the following:

a. failure to have adequate video surveillance;

b. failure to adopt a zero tolerance policy toward sexual abuse;

c. failure to adopt a staffing plan providing adequate levels of staffing;

d. failure to document adjustments that need to be made to video monitoring systems;

e. failure to implement a policy and practice of having supervisors conduct unannounced rounds to deter staff sexual abuse;

f. failure to enact a policy prohibiting cross-gender viewing and searching female inmates;

g. failure to train employees concerning zero-tolerance policies for sexual abuse;

h. failure to train employees about agency sexual abuse, harassment prevention, detection and reporting policies;

i. failure to train all employees on inmates' rights to be free from sexual abuse and sexual harassment;

j. failure to train on right of inmates to be free from retaliation for reporting sexual abuse and harassment;

k. failure to train employees on the dynamics of sexual abuse and sexual harassment;

l. failure to train employees about the common reactions of sexual abuse and sexual harassment victims;

m. the failure to train all employees concerning detection and response to signs of sexual abuse;

n. failure to train employees concerning avoidance of inappropriate relationships with detainees;

o. failure to train employees concerning mandatory reporting of sexual abuse to outside authorities;

p. failure to adopt a policy of providing all detainees with information concerning the zero-tolerance policy regarding sexual abuse and harassment and reporting;

q. failure to provide comprehensive education to detainees on their rights to be free from sexual abuse, harassment and retaliation;

r. failure to adopt a policy or practice of providing adequate avenues to report sexual abuse, harassment and retaliation;

s. failure to provide at least one way for detainees to report sexual abuse or harassment to a public or private entity outside of the organization; and

t. failure to adopt a policy or custom of prohibiting jailers from taking electronic devices into the jail, or allowing jailers to have custody of cellular devices in the jail.

Each of these policies are reasonable, sound policies which Midland County *chose not to employ*, and, as such, adopted a policy of turning a blind eye toward abuse and potential for abuse. Each of these (with the exception of item "t," are standards reflected by the Prison Rape Elimination Act (PREA), United States Department of Justice final rule, 28 C.F.R. Part 115, and thus represent well-known minimum standards and practices for preventing assault and abuse in the correctional setting. *See, eg. Cardenas v. United States*, 2023 W.L. 7634436 (N.D. Tx Nov. 15, 2023). It has previously been found that an "absence of a policy" *does, in fact*, comprise a policy, in and of itself which can be actionable under § 1983, supporting institutional or supervisory liability. *See, eg., Ingram v. Kubik*, 30 F.4th 1241, 1256 (11th Cir. 2022).

**3. The pled fact that Marisela Martinez knew of Serna-Venegas's propensities toward sexual abuse, but failed to take action to prevent them exhibits conscious indifference toward the rights of plaintiff, and supports bystander liability, and it was error of the District Court to dismiss Plaintiff's claims against Marisela Martinez.**

The District Court erroneously dismissed plaintiff's claims against Marisela Martinez for bystander liability and deliberate indifference, even though the actions of Marisela Martinez, as pled by the Plaintiff, led to the circumstances under which Plaintiff was sexually abused. Plaintiff pleaded these claims in very specific detail in her complaint, and complained about the actions and inactions of Defendant Martinez, a co-worker of Defendant Serna-Venegas, which placed plaintiff and others like her in a zone of foreseeable danger, and fostered the attack against her.

Plaintiff pled that Martinez had actual knowledge that a video had been taken in the jail that showed Serna-Venegas in the throes of sexual intercourse with *someone* in the Midland County Detention Center, and that Martinez mistakenly concluded that this video was a video of *her*. This means, of course, that Martinez <u>*actually had*</u> sexual intercourse with Serna-Venegas in the Midland County Detention Center, herself, which would be a violation of the law and a violation of standards of conduct. Martinez also had knowledge that Serna-Venegas was in possession of a cell phone or other video recording device in the jail, which was a violation of state law and a violation of standards of conduct, and that Serna-Venegas

was engaging in lurid sexual activity in the jail. Defendant Martinez did not deny this level of knowledge, but only claimed that the allegations against her should be dismissed if plaintiff did not show that she had knowledge of Serna-Venegas actually sexually assaulting plaintiff.

The fact of Martinez's engaging in sexual conduct with Serna-Venegas in the jail, and willful disregard of standards of decency with regard to knowledge of Serna-Venegas's sexual antics exhibits the kinds of wanton and callous disregard which supports bystander liability in a § 1983 context. This is what bystander liability is all about. When other officers adopt a "code of silence" towards illegal actions of fellow officers, civil rights violations are the foreseeable result.

An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *Whitley v. Hanna*, 726 F.3d 631 (5th Cir.2013)(quoting *Randall v. Prince George's Cty*., 302 F.3d 188, 204 (4th Cir.2002)). It is clearly established in the Fifth Circuit that an officer could be liable as a bystander in a case involving excessive force, for example, if he knew that a constitutional violation was taking place and had a reasonable opportunity to prevent the harm. *See Hale v. Townley,* 45 F.3d 914, 918 (5th Cir. 1995).

## CONCLUSION

This Court should reverse the district court's February 20, 2024 Order (with respect to Sheriff David Criner and Midland County) [Doc.21] and August 23, 2024 Order (with respect to Marisela Martinez) [Doc. 26], and remand this case for further proceedings.

Respectfully submitted,

HOGAN LAW FIRM, P.C.
6215 98th St
Lubbock, TX 79424
(806) 771-7900
(806) 771-7925 Fax

BY: *s/ Robert S. Hogan*
ROBERT S. HOGAN
TEX. BAR NO. 00796767

ATTORNEYS FOR APPELLEES

## Certificate Of Compliance

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4350 words, excluding the parts of the brief exempted by Fed. R. App.P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced serif typeface using Microsoft® Word for Mac, Version 16.89 in 14-point Times New Roman font.

*s/ Robert S. Hogan*
ROBERT S. HOGAN

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via the Court's ECF filing system, in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on this 20th day of January, 2026, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*s/ Robert S. Hogan*
ROBERT S. HOGAN